IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| FAIRADE DORSEY,<br>(BOP No. 42418-177) | §<br>§<br>§ | |
| Plaintiff,<br>V. | §<br>§<br>§ | CIVIL ACTION NO.<br>1:15-CV-217-BL |
| DR. TUBB, *et al.*, | §<br>§ | |
| Defendants | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has chosen to not consent, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, all claims stated in the amended complaint, as supplemented by the more definite statement, should be **DISMISSED.** After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I. BACKGROUND/FACTS

Plaintiff Fairade Dorsey, acting *pro se*, initially filed this case as a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota as case number 14-CV-4803. After that court dismissed the § 2241 petition challenging a loss of good time credit, it allowed Dorsey to re-state his other claims for relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1971), and then transferred the case to this

Court.[1] (Docs. 16, 25.) The only claims now remaining are Dorsey's *Bivens* claims against several individual defendants. Plaintiff's live pleadings before the Court include his September 28, 2015 amended complaint, and a November 9, 2016 more definite statement. (Docs. 23, 33.)

In the amended complaint, Plaintiff Dorsey names several officials with FCI-Big Spring including: Chief Psychologist Dr. Tubb, Lieutenant Tubb, Lieutenant Anderson, Correctional Officer Deatherage, Case Manager Roman, Counselor Moore, Disciplinary Hearing Officer ("DHO") Rosiles, Education Technician Ramos, and Psychology Technician McGhee. (Doc. 23, 2-3.) Dorsey alleges that he was initially wrongly accused by Dr. Tubb of stalking staff member Ms. McGhee in March 2013. Although that incident did not result in a disciplinary charge, it resulted in a reprimand from Lieutenant Anderson, and a change in Dorsey's custody classification. Dorsey's administrative appeal of the custody change, however, was granted and his prior custody status reinstated. (Doc. 23, 5.) Dorsey alleges that he was then informed on January 28, 2014 that he would be transferred to FPC-Seagoville. Plaintiff desired the transfer to FPC-Seagoville to be near his kids. (Doc. 23, 5.)

Prior to the transfer, however, Dorsey complains that Lieutenant Tubb and his wife, Dr. Tubb, accused him, in February 2014, of stalking another staff member, Ms. Ramos. Subsequent investigation resulted in a disciplinary charge brought against him for stalking. Dorsey complains that although investigator Deatherage and Counselor Moore accused of him a stalking violation, DHO Rosiles found him not guilty of stalking, but did find him guilty of another charge of disobeying an

---

[1] In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

2

order. (Doc. 23, 5-6.) Dorsey alleges that as a result of the DHO's finding, he received multiple punishments, including segregated housing, 180 days of lost commissary, visiting, telephone, and e-mail privileges, 14 days loss of good conduct time, and the change in custody classification that resulted in him being transferred to FCI-Sandstone in Minnesota, rather than to FPC-Seagoville. (Doc. 23, 5-6.; More Definite Statement ("MDS") at 4.)[2]

In the more definite statement in response to the Court's questions, Dorsey alleges that each of the defendants interfered with his desire to be housed in a facility close to his children, and he claims that different defendants violated his First Amendment rights to file administrative complaints by effectively taking retaliatory actions against him. (Doc. 33, 6-9.) He also alleges that he was subjected to a violation of due process of law when he was falsely charged, had false information presented at the disciplinary hearing, and was then found guilty of a charge of disobeying staff. (Doc. 33, 7, 8.) Dorsey seeks relief in the amended complaint in the form of an order directing that his custody classification be changed back to a minimum security classification, and that he be given a designation to be housed at FPC-Seagoville. (Doc. 23, 5.) Dorsey also seeks compensatory damages in the amount of "$15,000 from each responsible defendant (for a maximum of $135,000) for frustrating the move closer to my kids." (Doc. 23, 5.) When the Court asked Dorsey to clarify any other relief sought in the order for more definite statement, he again recited only the request that he be transferred to an institution near his children. (MDS, doc. 33, 9.)

---

[2] As noted above, the United States District Court for the District of Minnesota resolved Dorsey's challenge to the loss of good conduct time credit brought under § 2241 before this case was transferred. The court determined that as the Bureau of Prisons subsequently reconsidered and re-heard the complained of disciplinary case, the loss of good conduct time credit and disciplinary segregation punishments were removed. *See* June 11, 2015 Report and Recommendation (doc. 15) and June 26, 2015 Order (doc. 16.) Because Dorsey's good conduct time was reinstated, the court held that the § 2241 petition was moot. *Id.*

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

**A.      Failure to State a Claim Upon Which Relief May be Granted**

Plaintiff seeks recovery in this case for violation of his constitutional rights under *Bivens,* 403 U.S. 388 (1971). In order to assert a claim for damages for violation of federal constitutional rights under *Bivens,* a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988)(elements of § 1983 action); *Evans,* 168 F.3d at 863 n. 10. The remainder of this analysis focuses on whether Plaintiff has sufficiently pleaded facts that show a violation of his constitutional rights against the listed defendants, and also considers the general viability of particular constitutional and statutory based claims.

I. Violations of Due Process of Law Arising from Disciplinary Proceeding

Plaintiff alleges that his right to due process of law was violated by Lieutenant Anderson in making false allegations which led to the stalking investigation, and also for providing false statements to the DHO. (Doc. 33, at 7.) Dorsey also alleges that DHO Rosiles violated his right to due process when she accepted Lieutenant Anderson's statement and found him guilty.[3] (Doc. 33, at 8.) As noted above, although Dorsey was initially assessed a loss of good conduct time and disciplinary segregation, after the case was reheard, those punishments were removed from Dorsey's disciplinary record. (Doc. 15, at 3.)

The mere failure of prison authorities to follow the prison's own policies, procedures, or regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen,* 97

---

[3] As Plaintiff is a federal prisoner, his due process claims are considered only under the Fifth Amendment. *See generally Doe v. Robertson,* 751 F.3d 383, 387 (5th Cir. 2014) (noting that the Fifth Amendment applies to prisoner claims against federal officials while the Fourteenth Amendment applies to prisoner claims against state officials).

5

F.3d 91, 94 (5th Cir. 1996). The Fifth Amendment to the Constitution provides that "no person shall be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V. A prisoner's liberty interest, however, is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483 (1995) (citations omitted). In *Sandin v. Connor,* the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. In light of *Sandin,* the Court of Appeals for the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995)(per curiam); *see also Orelana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will hence-forth qualify for constitutional 'liberty' status")(internal citations and footnote omitted). Dorsey did not ultimately receive any loss of good conduct time, and thus nothing about the result of the disciplinary proceeding actually affected the duration of his sentence. Thus, under these holdings applying *Sandin v. Conner* to the same or similar punishments, Dorsey has not stated a constitutional due process violation as to the disciplinary proceedings referenced in his pleadings.

  II.  Limitation on Claims for Compensatory Damages under 42 U.S.C. § 1997e(e)

  As a part of his request for relief from this Court, Dorsey seeks compensatory monetary damages from each listed defendant. (Doc. 23, 5.) As a part of the PLRA, Congress placed a

restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...." 42 U.S.C.A. § 1997e(e) (West Supp. 2017). In his amended complaint, Dorsey does not ever allege any physical injury whatsoever. Rather, his only reference to injury was his allegation that he suffered "humiliation, embarrassment, and mental suffering due to [the defendants'] actions!" (Doc. 23, 6.) In the Order for him to answer questions in the form of a more definite statement, the Court asked Dorsey to identify whether he sustained any physical injury. (Doc. 32, 5, ¶ 10.) In his more definite statement, Dorsey wholly failed to answer this question. (Doc. 33, 9.) Thus, Dorsey has not alleged that he sustained any physical injury.

The physical injury requirement now codified in § 1997e(e) has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit then held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions* in which a prisoner alleges a constitutional violation, " and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth

Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

With regard to the specific constitutional claims Dorsey's asserts against the individual defendants, and for which he seek compensatory damages, courts have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury. *See Massengill v. Livingston,* 277 F. App'x 491, 492 (5th Cir. 2008) (affirming district court's dismissal of claims by Texas prisoner that he was denied the right to freely practice his religion under the Free Exercise Clause of the First Amendment since § 1997e(e) bars claims for compensatory damages for a First Amendment violation without a prior showing of physical injury); *see also Jordan v. Perry Cty, et al.,* No.2:14-CV-060-MTP, 2016 WL 1091119, at *5 (S.D. Miss. March 21, 2016) ("the United States Court of Appeals for the Fifth Circuit has clearly held that Section 1997e(e) applies to First Amendment claims") (citing *Geiger,* 404 F.3d at 374-75)); *Logan v. Honeycutt,* No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of the alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e)), *rep and rec. adopted,* 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler, et al.,* No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers,* 404 F.3d 371 (2005)").

Dorsey has not alleged a physical injury on his allegations of the deprivation of his First Amendment on the basis of retaliation, or any violation of due process of law under the Fifth Amendment. Thus, the Court should find that Plaintiff's claims for compensatory damages against the individual defendants are barred by § 1997e(e).[4]

III.   No Constitutional Right to Transfer to Particular Housing

It is evident from the amended complaint and as reiterated in the more definite statement that Dorsey also seeks relief in the form of an order changing his custody status within the BOP, and transferring him to a different institution, in particular to FPC-Seagoville. (Doc. 23, 5; doc. 33, 9.)

The Supreme Court has held that a prisoner does not have a federally protected civil right or constitutional right to receive a certain classification while incarcerated. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976), *overruled on other grounds by Sandin*, 515 U.S. at 478-79. The Fifth Circuit has applied this law to also recognize that a prison inmate does not have a protected liberty interest in his custodial classification. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The classification of prisoners in certain custody levels is will within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) (citations omitted). Thus, Dorsey's claim that this Court should order him to be assigned to a particular classification is not supported under applicable law.

Furthermore, it is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to

---

[4]Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins*, 512 F.3d at 198) or for injunctive or declaratory relief (*Harper*, 174 F.3d at 719). Dorsey, however, did not assert claims for nominal or punitive monetary damages, even in response to the Court's inquiry about seeking any other form of relief. (Doc. 32, 11; doc. 33, 9.)

another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996); *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997). The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995). Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Dorsey is not entitled to the requested transfer order.

### III. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that all Plaintiff Fairade Dorsey's claims be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915A(B)(1) and 1915(e)(2)(B)(ii).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized*

in *ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED**.

Signed October 26, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE